*J. G. Carter, for appellant.*

---

W. A. CARPENTER AND WIFE *v.* GEORGE CARPENTER.

**Husband and Wife—Wife's Separate Estate Conveyed to Her by Husband May be Mortgaged With His Consent.**

The residue of the land not paid for with the proceeds of the wife's land having been paid for by her husband and having procured that residue to be conveyed to her separate use, he must be regarded and is in fact her donor, and having joined his wife in the mortgage, he as donor has thereby consented to the same.

APPEAL FROM CASEY CIRCUIT COURT.

June 24, 1872.

OPINION BY JUDGE PETERS:.

Sec. 17, Art. 4, Chapter 47, R. S., p. 28, prohibits the alienation of the separate estate, personal or real, of a married woman with or without the consent of any husband she may have, but she can alienate it by the consent of the donor or his personal representative, where it is a gift. And the same section prohibits the sale of the separate estate of a married woman thereafter created, except by a court of equity, for exchange or reinvestment, etc.

The amendment to that act, of 13th of February, 1866, Myers' Supp. 728, merely provides that the section, *supra,* shall not be construed to forbid the alienation of separate estates of married women, whether created before or since the adoption of the Revised Statutes under an express power in the will, or deed, creating such estate by the consent of the husband.

By an act approved January 16, 1868, Vol. Sess. Acts, 1867-8, p. 5, it is provided that when real property has been or shall hereafter be conveyed or devised to a married woman for her separate use without the intervention of a trustee and without any restriction upon the sale or conveyance thereof during coverture, the right of such married woman to sell and convey said property, shall be the same as if said property had been conveyed or devised to her absolutely without any separate use being expressed; but her separate use shall continue in the proceeds of such sale.

This last amendment enables a married woman, so far as the alienation of her separate estate is concerned, to do so where there is no trustee intervening, just as she could alienate her general estate. But said act impresses the proceeds of such alienations with the character of separate estate, and when the aid of the chancellor is invoked to make disposition of the proceeds, he must look into the transaction, ascertain from what source they derived, and if he finds them to be the proceeds of a married woman's separate estate, he will see that they are not diverted to a different purpose.

That the land claimed to have been mortgaged by appellants to appellee was conveyed to Mrs. Nancy E. Carpenter as her separate estate is not seriously controverted, indeed the fact is recited in the note filed by appellee as the evidence of his debt,

and it is not denied, that a greater part of the purchase money paid for the land was derived from the sale of lands inherited by Mrs. N. E. Carpenter from her father under the judgment of the court, for the purpose of reinvesting the proceeds, and the chancellor having thus acquired control of the proceeds of her lands, might lawfully exercise a discretion whether the land purchased with them should be conveyed to her as separate or general estate, and especially might he order the estate to be conveyed to her separate use by the consent of herself and husband when there were no creditors or heirs to complain.

To the extent, therefore, of the investment of the proceeds of the lands inherited by Mrs. Carpenter from her father in the land mortgaged to appellee after the same was conveyed to her separate use, she could make no alienation whereby to destroy the separate use which attaches to it. The mortgage, therefore, so far as it was intended to charge as much of the land conveyed to her separate use as the proceeds of her land paid for, to secure the debt owing to appellee, is inoperative.

But it appears in evidence that the lands purchased by the husband are more valuable than those of his wife sold under said judgment, and that the husband borrowed the money to pay the difference in the value on his own credit and gave his own note with surety for the debt, and, subsequently appellee advanced the money to W. A. Carpenter's creditor. The note and mortgage sued on were executed to secure the payment of the money thus advanced by appellee.

Thus it appears that the residue of the land not paid for with the proceeds of the land of Mrrs. Carpenter was paid for by her husband, and having procured that residue to be conveyed to her separate use he must be regarded and is, in fact, her donor, and having joined his wife in the mortgage, he, as donor, has thereby consented to the same, as by the 17th section of art. 4, chap. 47, R. S., *supra*, she was capable of alienating her separate estate given to her by her husband with his consent. We do not doubt that under a proper state of pleading the land, except the proportion that the money arising from the sale of the land inherited by Mrs. Carpenter from her father paid for, may, under the mortgage, be subjected to sale, or so much thereof as will be sufficient to pay the debt. But as the judgment subjected the

whole land, the same is reversed and the cause is remanded for further proceedings consistent herewith.

*VanWinkle, for appellants.*

*Jacob & Durham, Fogle, for appellee.*